IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**PETER BARCLAY**,

    Plaintiff,

v.

**DANIEL MURPHY, GLEN BAISINGER, LINN COUNTY OREGON, and DISCOVER BANK.**

    Defendants.

_____

**Civ. No. 6:22-cv-00308-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

    Plaintiff, *pro se*, brings this Application for Leave to Proceed *in Forma Pauperis* ("IFP"), ECF No. 2, in an action against Linn County, two circuit court judges, and Discover Bank. Plaintiff alleges that the state court improperly awarded his veteran disability benefits to his former spouse in a divorce proceeding. Compl. ¶ 73, ECF No. 1.

1 – OPINION AND ORDER

The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. Pleadings by *pro se* plaintiffs are construed liberally and afforded "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). The Court must give a *pro se* litigant "leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).

To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiff seeks damages for claims of treason, theft, intentional infliction of emotional distress, conspiracy to commit treason, due process violations, equal protection violations, and violations of 42 U.S.C. §§ 1983 and 1985. *See* Compl. ¶¶ 76–117. Plaintiff alleges that during his divorce proceeding, Linn County Circuit Court Judges Daniel Murphy and Glen Baisinger improperly divided and assigned Plaintiff's federal veteran disability benefits to his former spouse. *Id.* at ¶ 73. Plaintiff further alleges that Discover Bank improperly held a lien on Plaintiff's benefits based on the support award. *Id.* at ¶ 75.

Based on the alleged facts, Plaintiff's challenge is barred by the *Rooker-Feldman* doctrine. Lower federal courts are precluded from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453

2 – OPINION AND ORDER

F.3d 1160, 1165 (9th Cir. 2006); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision. . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

The doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (citation omitted). An action constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.* (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994).

Here, although Plaintiff goes to great lengths to argue otherwise, Plaintiff's complaint contests the validity of his state court divorce judgment. Plaintiff's alleged damages are based entirely on his belief that the circuit court incorrectly awarded his disability benefits to his former spouse. Further, Plaintiff's claims are "inextricably intertwined" with the Linn County Circuit Court judgment such that this action is a *de facto* appeal from a state court judgment. Indeed, Plaintiff seeks the Court's review of a state divorce judgment, arguing the judgment

3 – OPINION AND ORDER

violates his federal rights. Such claims fall squarely within the *Rooker-Feldman* doctrine. The Court, therefore, is barred from exercising jurisdiction over this action.

Because amendment could not cure this jurisdictional deficiency, Plaintiff's Complaint, ECF No. 1, is DISMISSED.

IT IS SO ORDERED.

DATED this 18th day of March, 2022.

                                                                         ___s/Michael J. McShane_____
                                                                           **Michael J. McShane**
                                                                           **United States District Judge**